## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

DOPE ECOMMERCE LLC,
a Delaware Limited Liability Company,

      Plaintiff,                       Case No.: 24-cv-02384

        v.

THE PARTNERSHIPS and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
"A",

      Defendants.

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Dope Ecommerce LLC, by and through its attorneys Revision Legal, PLLC, states as follows for its Complaint and Demand for Jury Trial:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Dope Ecommerce LLC ("Plaintiff" or "Dopeskill") is a Delaware limited liability company.

2. Upon information and belief, the Partnerships and Unincorporated Associations Identified on Schedule A ("Defendants") are individuals and business entities that own and/or operate one or more ecommerce stores under the seller aliases in Schedule A, based out of China, Vietnam, or other foreign jurisdictions.

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*., the Copyright Act 17 U.S.C. § 501, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

4. Personal jurisdiction is proper over Defendants because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendants have purposefully

availed themselves of this forum state, the cause of action arises from Defendants' activities here, and the Defendants' actions have caused damage to Dopeskill in the State of Illinois.

5.      Specifically, Defendants purposefully and intentionally availed themselves of this forum state by manufacturing, importing, distributing, offering for sale, displaying, advertising, and selling counterfeit goods bearing Dopeskill's creative works; by manufacturing, importing, distributing, offering for sale, displaying, advertising, and selling counterfeit goods bearing Dopeskill's trademark; and by creating and operating interactive websites that reveal specifically intended interactions with residents of the State of Illinois.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating under several aliases. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more aliases identified in Schedule A attached hereto ("Seller Aliases"). They offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Dopeskill's federally registered trademarks, copyrighted designs, or both to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Dopeskill substantial injury in the State of Illinois.

## STATEMENT OF FACTS

### Plaintiff's Business

7.     Dopeskill is an ecommerce company that operates an online store, <dopeskillbrand.com>, offering t-shirts, hoodies, and related apparel featuring unique street fashion designs to pair with popular sneakers.

8.     Dopeskill's business model has been a wild success. Dopeskill has sold products including, t-shirts and sweatshirts, on its website throughout the United States and internationally via its online retail store services.

9.     The Dopeskill business has grown based on its online presence and reputation. The majority of Dopeskill's site traffic is a result of organic search traffic as opposed to paid advertising.

10.     Dopeskill is a global business with online retail store services via a state-of-the-art website and marketing and advertising online across social media channels.

### Plaintiff's Registered Trademark

11.     Dopeskill has taken significant steps to protect and register its trademark rights with the United States Patent and Trademark Office ("USPTO") as follows:

| Registration No. | Trademark | Registration Date | Goods/Services |
|---|---|---|---|
| 6,532,338 | DOPESKILL | October 19, 2021 | IC 025: Clothing and apparel, namely, t-shirts, sweatshirts, and long sleeve shirts; Clothing and apparel, namely, tops as clothing, bottoms as clothing, headwear, and socks<br><br>IC 035: Computerized online retail ordering services featuring clothing and apparel, namely, t-shirts, sweatshirts, and long sleeve shirts; Computerized online retail ordering services featuring |

|  |  |  | clothing and apparel, namely, tops as clothing, bottoms as clothing, headwear, and socks |
|---|---|---|---|

12.     Dopeskill has used the above mark (the "Dopeskill Mark") continuously and exclusively on online retail store services and clothing and apparel since at least as early as September 3, 2020.

13.     Examples of how Plaintiff uses the Dopeskill Mark are depicted below:

*Plaintiff's Website Header:*

    

*Plaintiff's Clothing and Apparel:*



14.     Plaintiff has expended significant efforts and sums in developing the Dopeskill brand, business, and advertising under the Dopeskill Mark.

15.     As a result of Plaintiff's consistent, continuous, and exclusive use of the Dopeskill Mark in commerce, the mark has become well known across the globe and throughout the United States.

4

**Plaintiff's Registered Copyrights**

16.     Plaintiff owns several United States Copyright Registrations for its unique works of art that it makes available for sale on its website ("Dopeskill Works"):

| Registration No. | Date | Title of Work | Image |
|---|---|---|---|
| Vau001437441 | 6/10/21 | AJ11 |  |
| Vau001437441 | 6/10/21 | AJ12 |  |
| Vau001437441 | 6/10/21 | BH Bear |  |

5

| Vau001437441 | 6/10/21 | Leather Bear |  |
| Vau001437441 | 6/10/21 | Sneaker Bear |  |
| Vau001437441 | 6/10/21 | Dope Bear |  |
| VA0002258273 | 6/16/21 | M.I.T.M. |  |

| VAu001452223 | 10/15/21 | Heartkers 13s |  |
|---|---|---|---|
| VAu001452223 | 10/15/21 | Love Sick |  |
| VAu001452223 | 10/15/21 | Monk |  |
| VAu001452223 | 10/15/21 | Robo Bear |  |

| VAu001452223 | 10/15/21 | Sneaker Bull |  |
|---|---|---|---|
| VAu001452223 | 10/15/21 | Sneaker Goat |  |
| VAu001452223 | 10/15/21 | Sneaker Rabbit |  |
| VAu001452223 | 10/15/21 | SNK Bear |  |
| VAu001452223 | 10/15/21 | Trapped |  |

| Vau001452976 | 10/15/21 | Bean |  |
| Vau001452976 | 10/15/21 | Broken Heart Bear |  |
| Vau001452976 | 10/15/21 | Broken Slime Heart |  |
| Vau001452976 | 10/15/21 | Drip Heart |  |
| Vau001452976 | 10/15/21 | Heartkers 1s |  |

| Vau001452976 | 10/15/21 | Heartkers 3s |  |
| Vau001452976 | 10/15/21 | Heartkers 4s |  |
| Vau001452976 | 10/15/21 | Heartkers 5s |  |
| Vau001452976 | 10/15/21 | LoveLove |  |
| Vau001452976 | 10/15/21 | Heartkers 9s |  |

| Vau001465682 | 3/25/22 | Dope Bear 1 |  |
| Vau001465682 | 3/25/22 | Greatest |  |
| Vau001465682 | 3/25/22 | Heart Sick |  |
| Vau001465682 | 3/25/22 | Hurt Bear |  |

| Vau001465682 | 3/25/22 | Money Fly Icon |  |
| Vau001465682 | 3/25/22 | Sneakerhead Bear 1 |  |
| Vau001465682 | 3/25/22 | Sneakerhead Bear 2 |  |
| Vau001475385 | 7/5/22 | Drip Bear |  |

| | | | |
|---|---|---|---|
| Vau001475385 | 7/5/22 | Heart Break Bunny |  |
| Vau001475385 | 7/5/22 | Love Kills Bear |  |
| Vau001475385 | 7/5/22 | Money Is Our Motive |  |
| Vau001475385 | 7/5/22 | Sad Bear |  |
| Vau001475385 | 7/5/22 | Sad Bunny |  |

| Vau001475385 | 7/5/22 | Sneakerhead Bear |  |
| Vau001488115 | 11/21/22 | Chillin Frog |  |
| Vau001488115 | 11/21/22 | Dope Trippin |  |
| Vau001488115 | 11/21/22 | High Flyer |  |

| Vau001488115 | 11/21/22 | Resist |  | |
| Vau001488115 | 11/21/22 | Too Many Feelings |  | |

**Defendants' Infringing Businesses**

17.     The success of the Dopeskill Mark as used in commerce for online sales as well as its use on the Dopeskill Works has resulted in rampant counterfeiting and infringement. Plaintiff has put forth a concerted effort to combat the counterfeiting and infringement activities complained of herein. Plaintiff has identified numerous e-commerce stores, including those operating under the Seller Aliases, which were and are offering for sale and/or selling products bearing the Dopeskill Mark and/or the Dopeskill Works (the "Counterfeit Products") to consumers in this Judicial District and throughout the United States.

18.     Defendants are online retailers of clothing goods, including t-shirts and sweatshirts. They have targeted online sales to Illinois residents by setting up and operating e-commerce stores, sometimes using the Seller Aliases, offering shipping to the United States, including Illinois, and

accepting payment in U.S. dollars. Upon information and belief, Defendants have routinely, continuously and systematically sold Counterfeit Products to residents of Illinois.

19.     Upon information and belief, Defendants are residents of China, Vietnam, or other foreign jurisdictions who operate under a scheme of common ownership and control to create numerous online retail stores under false names and payment accounts to sell clothing products and offer online retail services under a false indication of origin.

20.     Upon information and belief, Defendants also own and operate websites, run online advertisements, and own and operate seller accounts on popular marketplaces such as eBay, AliExpress, Printerval, and Redbubble.

21.     Upon information and belief, Defendants spend significant time, effort, and funds to target the sale of infringing goods toward United States consumers, including Illinois residents.

**Defendants' Willful Trademark Infringement**

22.     Plaintiff's investigation of Defendants' online stores revealed that, on the tails of Plaintiff's success, Defendants have co-opted the Dopeskill Mark. Defendants use the Dopeskill Mark directly on their website, in product listing descriptions and on product images in marketing.

23.     Defendants use the Dopeskill Mark to promote and sell Counterfeit Products to customers online.

24.     Defendants also deceive unknowing consumers by using the Dopeskill Mark without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for authorized products bearing the Dopeskill Mark. Other e-commerce stores operating under the Seller Aliases omit using the Dopeskill Mark in the item title to evade enforcement

efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for authorized Dopeskill products.

25.     Defendants have often posted wholesale copies of Plaintiff's website product listings on their own retail websites.

26.     Defendants' use of the exact or substantially similar marks to the Dopeskill Mark on the same goods and services sold in the same stream of commerce to every-day consumers is highly likely to cause confusion as to the origin of the goods and services among consumers.

27.     Plaintiff has not licensed or authorized Defendants to use the Dopeskill Mark, and none of the Defendants are authorized retailers of genuine Dopeskill products.

### Defendant's Willful Copyright Infringement

28.     In addition to trading on Plaintiff's Dopeskill Mark, some Defendants also sell t-shirts, sweatshirts, and other related apparel bearing exact copies of the Dopeskill Works.

29.     Defendants had access to the Dopeskill Works via Plaintiff's online store which is published and available to anyone with internet access.

30.     Upon information and belief, Defendants accessed Plaintiff's works directly from its website and copied entire product listings, including the descriptions of the products, links within the descriptions, and the images containing the works themselves.

31.     When a customer places an order via Defendants' online store, if Defendants decide to fill the order, they print the selected works on low-quality t-shirts and household items, often overseas, and ship the counterfeit products into the United States to the customer.

**Injury to Plaintiff and Consumers**

32.     Defendants' actions described above have damaged and irreparably harmed Plaintiff.

33.     Consumers are highly likely to be confused due to Defendant's use of Plaintiff's exact trademark and copyrighted designs.

34.     If allowed to continue advertising and providing retail store services and online retail store services under the Dopeskill Mark, Defendants will further damage and injure Plaintiff's reputation and the goodwill associated with the Dopeskill Mark, which are well-known to the relevant consumers as source identifiers for high-quality services.

35.     If allowed to continue advertising and offering products and services under the Dopeskill Mark, Defendants will continue to create significant likelihood of consumer confusion that will irreparably harm the public and its interest in being free from confusion.

36.     Plaintiff has no adequate remedy at law.

37.     Defendants knew or should have known that its activities described above constitute trademark infringement and/or copyright infringement.

38.     Defendants acted knowingly and willfully in reckless disregard of Plaintiff's rights.

**FIRST CLAIM FOR RELIEF**
**Trademark Counterfeiting and Infringement**
**Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

39.     Plaintiff restates all prior paragraphs as if fully restated herein.

40.     Defendants have used spurious designations that are identical to or substantially indistinguishable from the Dopeskill Mark on goods covered by registrations for the Dopeskill Mark.

41.     Defendants' actions as described above are likely to cause confusion mistake or deception as to the origin, sponsorship, or approval of Defendants' products and commercial activities, and therefore constitute trademark infringement, counterfeiting, and unfair competition in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42.     Defendants' actions described above have, at all times relevant to this action, been willful and intended to deceive consumers as to the source and authenticity of the Counterfeit Products.

43.     Plaintiff has no adequate remedy at law and will continue to suffer irreparable harm to its reputation and goodwill if Defendants' actions are not enjoined.

44.     As a foreseeable, direct, and proximate cause of Defendants' above-described actions, Plaintiff and consumers have been and will continue being irreparably damaged.

45.     As a result, Plaintiff may elect, and Defendants may each be held liable for, up to $2,000,000 in statutory damages per type of good sold, treble damages, Defendants' profits, the damages sustained by Plaintiff, and the costs of this action.

46.     Additionally, Plaintiff seeks its reasonable attorneys' fees because this is an exceptional case.

**SECOND CLAIM FOR RELIEF**
**Copyright Infringement**
**Under 17 U.S.C. §§ 106 and 501**

47.     Plaintiff incorporates all foregoing paragraphs as if fully restated herein.

48.     Plaintiff owns a copyright registration for each of the works stated in paragraph 16 above.

49.     The Dopeskill Works are widely disseminated via its own website and social media accounts, and on physical products.

50.     Certain Defendants had access to the Dopeskill Works.

51.     Certain Defendants downloaded the Dopeskill Works from Plaintiff's website for use in their infringement/counterfeit scheme.

52.     Certain Defendants have reproduced, prepared derivative works of, distributed copies of, imported into the US, and displayed publicly works that are identical copies of, or substantially similar to, the Dopeskill Works.

53.     As a result of certain Defendants' infringement, Plaintiff has suffered extensive monetary damages.

54.     Plaintiff is entitled to the recovery of, at its election, statutory damages of up to $150,000 per work infringed, actual damages, Defendants' profits, and the costs of this action.

55.     Plaintiff is also entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 and 17 U.S.C. § 106.

56.     Plaintiff is also entitled its attorneys' fees pursuant to 17 U.S.C. § 505 and § 17 U.S.C. § 106.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

1. That the Court preliminarily and permanently enjoin and restrain Defendants, as well as their heirs, successors, assigns, officers, agents, and employees from:

   a. Reproducing, preparing derivative works of, distributing copies of, and displaying publicly the Dopeskill Works;

   b. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Dopeskill Mark or any confusingly similar trademark;

   c. Using the Dopeskill Mark or any reproduction, counterfeit copies or imitations thereof in any manner in connection with the manufacturing, delivering, distribution, marketing, advertising, offering for sale, or sale of any product that

is not a legitimate product bearing the Dopeskill Mark or is not authorized by Plaintiff to be sold in connection with the Dopeskill Mark;

 d. Passing off, inducing, and/or enabling others to sell or pass off any product as a genuine product bearing the Dopeskill Mark or any other product produced by Plaintiff that is not Plaintiff's product or not otherwise produced with the authorization of Plaintiff for sale under the Dopeskill Mark;

 e. Committing any acts reasonably calculated to cause consumers to believe that Defendants' products bearing the Dopeskill Mark are those sold under the authorization, control, and/or supervision of Plaintiff or sponsored by, approved by, or otherwise connected to Plaintiff;

 f. Further infringing the Dopeskill Mark and causing further damage to Plaintiff's goodwill; and

 g. Aiding or assisting any other third party in subsections (a) and (f) above;

2. That the Court award Plaintiff, at its election, its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law, including an equitable accounting;

3. That the Court award Plaintiff its costs and attorneys' fees; and,

4. That the Court award Plaintiff any other relief to which it is entitled.


       Respectfully submitted,

Date: March 25, 2024     /s/ Eric Misterovich
       Eric Misterovich (P73422)
       Revision Legal, PLLC
       205 North Michigan Avenue, Ste. 810
       Chicago, IL 60601
       269-281-3908
       eric@revisionlegal.com

       *Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Respectfully submitted,

Date: March 25, 2024

/s/ Eric Misterovich
Eric Misterovich (P73422)
Revision Legal, PLLC
205 North Michigan Avenue, Ste. 810
Chicago, IL 60601
269-281-3908
eric@revisionlegal.com

*Attorneys for Plaintiff*