IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Andrew Blair Bailie; Dope ECommerce LLC; Unicolors, Inc.; Kristy Beth Patterson, | ) ) ) | |
| | ) | Case No. 24 cv 2150 |
| Plaintiffs, | ) | Case No. 24 cv 2384 |
| | ) | Case No. 24 cv 2987 |
| v. | ) | Case No. 24 cv 3294 |
| | ) | |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | ) ) ) | Judge Joan B. Gottschall |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

These four cases are among hundreds of what have come to be known as "Schedule A" cases filed in this and other federal district courts each year. In these and other Schedule A cases, the plaintiff frequently names dozens or sometimes hundreds of defendants identified only by their respective URLs and sometimes a string of characters known as a "seller ID." The complaint invariably alleges that the defendants are selling or offering to sell products that infringe the plaintiff's intellectual property rights. The claims vary from case to case, but a claim under at least one of the following statutes is always pleaded: the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; and the Patent Act, 35 U.S.C. §§ 101 *et seq. See Xped LLC v. Entities Listed on Exhibit 1*, 2023 WL 5748350, at *1 (N.D. Ill. Sept. 6, 2023). The court has before it briefing and evidence filed by the plaintiff in each case arguing that defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. Because these memoranda raise closely related legal and factual issues, the court addresses them in a single opinion.

1

**Procedural Background**

The plaintiff commenced each of the above-captioned cases by filing a complaint, one or more exhibits consisting of proof of trademark, copyright, and/or design patent registrations, and screenshots of the defendants' online stores. The screenshots depict the accused products as well as other products, but they do not indicate which of the defendants' products is accused of infringement. Nor do the screenshots correlate each accused product with the particular trademark, copyright, or design patent it allegedly infringes.[1]

"In our adversary system, *ex parte* motions are disfavored, but they have their place." *Ayestas v. Davis*, 584 U.S. 28, 40 (2018) (citing *Hohn v. United States,* 524 U.S. 236, 245 (1998); other citations omitted). Consistent with the common practice in Schedule A cases, each plaintiff has filed a motion seeking a temporary restraining order ("TRO") without first giving notice to the defendants. *See* Fed. R. Civ. P. 65(b)(2). Among other things, the court must find that the plaintiff has a likelihood of success on the merits to grant a TRO. *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 843 (7th Cir. 2023) (citing *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021)). Hence, in these and other Schedule A cases, the court must review the evidence and arguments submitted by the plaintiff without the benefit of briefing or counterargument from any defendant.

A summary of each case at bar follows:

- **Andrew Blair Bailie ("Bailie")**. Plaintiff works as an illustrator. One of his images, a rustic-looking illustration of an otter dressed in fishing garb, has become very popular and is widely counterfeited. *See* Letter from A. Bailie 1 (Apr. 30, 2024), Bailie, ECF

---

[1] In response to this court's orders to brief joinder, plaintiffs Bailie and Patterson submitted charts correlating each accused product with the particular piece of intellectual property alleged to be infringed. *See* Bailie, ECF No. 29-1; Patterson, ECF No. 24-1. These charts effectively present the information in the screenshots in a clearer fashion, but they do not shed any light on the joinder analysis.

No. 29-2.[2] Bailie brings Copyright Act claims against 14 defendants who are allegedly infringing 1 registered copyright. *See* Compl. Ex. 1, Bailie, ECF No. 1-1; Schedule A, Bailie, ECF No. 2.

- **Dope ECommerce, LLC ("Dope ECommerce").** Plaintiff is a "niche apparel brand" that sells t-shirts, hoodies, and other apparel and pairs these unique street fashion designs with popular sneakers. Dope ECommerce Joinder Mem. 1, ECF No. 21; Compl. 3, Dope ECommerce, ECF No. 1. The success of Dope ECommerce's trademark and original works has resulted in their being widely counterfeited and infringed. Compl. 3, Dope ECommerce, ECF No. 1. Dope ECommerce brings Lanham Act and Copyright Act claims against 35 defendants who are allegedly infringing 1 registered trademark and 45 registered copyrights. *See id.* at 315; Schedule A, Dope ECommerce, ECF No. 2.

- **Unicolors, Inc. ("Unicolors").** Plaintiff "owns original two-dimensional textile designs for purposes of garment production." Sealed Compl. 1, Unicolors, ECF No. 2. Unicolors brings Copyright Act claims against 65 defendants and alleges that they are infringing 7 registered copyrights. *See id.*; Schedule A, Unicolors, ECF No. 3.

- **Kristy Beth Patterson ("Patterson").** Plaintiff works as a studio artist and high school art teacher and creates original "dictionary-inspired artworks." Patterson Joinder Mem. 1, ECF No. 24. Patterson brings Copyright Act claims against 7 defendants, and alleges they are infringing 1 registered copyright. *See* Am. Compl., Patterson, ECF No. 16; Am. Schedule A, Patterson, ECF No. 17. In her original complaint, Patterson initially named 201 defendants. Schedule A, Patterson, ECF No. 2. After this court ordered plaintiff to brief proper joinder, she amended the complaint to reduce the number of defendants to 7. *See* Am. Compl., Patterson, ECF No. 16; Am. Schedule A, Patterson, ECF No. 17.

In each case, this court issued an order directing the plaintiff to brief joinder in light of recent decisions issued by other judges of this court. *E.g.*, Order dated Apr. 24, 2024, Bailie, ECF No. 28.

### Permissive Joinder of Defendants Under Rule 20(a)(2)

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21(a); *see, e.g.*, *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683

---

[2] Filings in each case will be cited using the plaintiff's name and a reference to the docket number of the filing, *e.g.*, "Bailie, ECF No. 29." The parties' memoranda regarding joinder will be cited with the plaintiff's name followed by "Joinder Mem." and a reference to the docket number of the filing, *e.g.*, "Dope ECommerce Joinder Mem., ECF No. 21."

3

(7th Cir. 2012). Rule 20(a)(2) permits defendants to be joined in a single action if two conditions are met: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P 20(a)(2); *see generally UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). Courts generally take a "case-by-case approach" when determining whether claims arise out of, or with respect to, the same transaction or occurrence "because no hard and fast rules have been established." *Preston v. Wiegand*, 573 F. Supp. 3d 1299, 1305 (N.D. Ill. 2021) (quoting *White v. Coventry Health Care, Inc.*, 2018 WL 1469025, at *2 (N.D. Ill. Mar. 26, 2018)).

"[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Nevertheless, "[a] district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met." *Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) (citing *UWM Student Ass'n,* 888 F3d at 863). This discretion permits a district court to "consider . . . 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (internal quotation omitted) (quoting *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1982)). Those factors include whether "joinder would create 'prejudice, expense or delay'" *Id.* (quoting Charles Alan Wright, Arthur R. Miller et al., Federal Practice and Procedure § 1652 at 396 (2001)).

**Analysis**

Only the first Rule 20(a)(2) requirement is at issue–whether plaintiffs' claims arise out of or with respect to the same transaction, occurrence, or series of transactions or occurrences. As an initial matter, the complaints in these cases allege in conclusory fashion that the requirements of Rule 20(a)(2) are satisfied. *See, e.g.*, Compl. 4–5, Bailie, ECF No. 1; Compl. 15–16, Dope ECommerce, ECF No. 1; Sealed Compl. 6, Unicolors, ECF No. 1; Am. Compl. 7, Patterson, ECF No. 16. Plaintiffs plead no specific facts, or other well-pleaded allegations, to support these legal conclusions. Without more, the complaints' conclusory allegations that Rule 20(a)(2) is satisfied do not suffice, for "courts are not required to accept conclusory or speculative statements that do not qualify as assertions of fact." *Estée Lauder Cosmetics Ltd. v. Schedule A Defs.* (*Estée Lauder I*)[3], 334 F.R.D. 182, 185 (N.D. Ill. Jan. 27, 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); other citations omitted); *accord. Tang v. Schedule A Defs.*, 2024 WL 68332, at *2 (N.D. Ill. Jan. 4, 2024); *see also Dorsey v. Varga*, 55 F.4th 1094, 1103–04 (7th Cir. 2022).

Plaintiffs urge this court to adopt the approach to joinder taken in *Bose Corp. v. Schedule A Defs.*, 334 F.R.D. 511 (N.D. Ill. Feb. 19, 2020), *distinguished by Tang*, 2024 WL 68332, at *3. In *Bose Corp.*, the court questioned whether the 17 defendants named in a Schedule A case were properly joined. *Id.* at 512. After receiving supplemental briefing, the court first ruled that Bose, the plaintiff, had not plausibly alleged a "'transactional link' among [the] Defendants." *Id.* at 514–16 (quotation on p. 516). The court explained that counterfeiters frequently copy each other to cause consumer confusion, making it impossible to infer that they were acting together. "And in any event, Bose has been able to identify only minimal similarities among two or three small subsets of the 17 defendants in this case." *Id.* at 514. The *Bose* court

---

[3] For brevity's sake, this court will use "*Schedule A Defs.*" to describe defendants when citing Schedule A cases.

5

held, however, that "joinder can be based not just on 'transactions,' but also on 'occurrences.'" *Id* at 516. The court reasoned that, due to the nature of the internet, "an 'occurrence' of mass harm easily can be inflicted even if there is no express 'transactional' coordination among the attackers." *Id.* at 516. The uncoordinated "swarm" of infringers of Bose's trademarks, the court held, constituted the relevant occurrence for Rule 20(a)(2) purposes.[4] *See id.* at 516–17.

This court agrees with *Bose Corp.*'s analysis of the transaction requirement of Rule 20(a)(2) but finds the reasoning of Judges Chang and Lee in two separate cases brought by the same plaintiff to be the more persuasive approach to the remainder of the joinder analysis.[5] *See Estée Lauder Cosmetics Ltd. v. Schedule A Defs.* (*Estée Lauder II*), No. 20-cv-845, order at 4–10 (N.D. Ill. June 22, 2020) (Lee, J.) (ECF No. 40); *Estée Lauder I,* 334 F.R.D. 187–90 (Chang, J). As Judge Lee explained, the analysis proffered in *Bose* "suffers from the absence of a limiting principle . . . ." *Estee Lauder II,* No. 20-cv-845, order at 6.

Without a limiting principle, adopting the approach taken in *Bose* would undermine a consistent line of cases in this district holding that "Rule 20(a)'s requirement for a common

---

[4] "There is no evidence that the Advisory Committee intended to add an independent test when they added the word 'occurrence' to the 'transaction' concept in Rule 20. The reason for doing so is historical." 7 Charles Alan Wright, Arthur R. Miller et al., FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed. 2002), Westlaw (database updated April 2023).

[5] Plaintiffs characterize these cases as representing the "minority rule" in this district apparently because so many Schedule A cases proceed without the court questioning the propriety of joinder. Judicial silence does not always indicate approval, however. As the Seventh Circuit recently reminded a litigant, "[T]he assertion 'this is how things have been done' is not a justification for doing them that way." *Doe v. Trustees of Ind. Univ.*, 2024 WL 1824967 (7th Cir. Apr. 26, 2024). When looking at reasoned decisions concerning the propriety of joinder in Schedule A cases in this district, the situation appears to be complex but more or less evenly split. *Compare Roadget Business PTE. LTD v. Schedule A Defs.*, 2024 WL 1858592, at *4–7 (N.D. Ill. Apr. 29, 2024) (Ellis, J.) (granting motion to sever Schedule A defendants); *Spin Master Ltd v. Schedule A Defs*, No. 23-cv-144, order at 2–4 (N.D. Ill. Jan. 20, 2023) (Coleman, J.) (severing 93 defendants *sua sponte*) (ECF No. 24); *Estée Lauder II*, No. 20-cv-845, order at 4–10 (Lee, J.); *Estée Lauder I*, 334 F.R.D. at 184–87 (Chang, J.), *with Bose Corp.*, 334 F.R.D. at 513–517 (Durkin, J.); *XYZ Corp. v. Schedule A Defs.*, No. 24-cv-1705, order at 1 (N.D. Ill. April 23, 2024) (Cummings, J.) (citing *Bose Corp.* and adding that "the Court's finding regarding joinder in this case is not dispositive of the propriety of joinder in any other cases before the Court") (ECF No. 21); *Oakley, Inc. v. Schedule A Defs.*, No. 20-cv-05972, order at 2 * n.2 (N.D. Ill. Nov. 9, 2020) (Valderrama, J.) (substantially same) (ECF No. 27).

transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same patent or trademark." *Estée Lauder I*, 334 F.R.D at 187 (quoting *ThermaPure, Inc. v. Temp-Air, Inc.*, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010); other citations omitted). Those decisions accord with the Federal Circuit's interpretation of Rule 20(a)(2) in patent cases: "To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). "Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts."[6] *Id.* The "majority rule" in copyright and Lanham Act cases is the same. *Id.* at 1357 n.2 (collecting cases); *see also Estée Lauder I*, 334 F.R.D. at 187. For these reasons, this court finds cases such as *Estée Lauder I* to be in accord with the established construction of Rule 20(a)(2).

Also relevant to the joinder analysis are considerations of fundamental fairness, judicial economy, and prejudice that attend joinder of a large number of defendants in a Schedule A case. In such cases, the court must review hundreds, and sometimes thousands, of pages of screenshots and compare them with plaintiff's intellectual property–all within an *ex parte* context. Since evidence presented *ex parte* is by its very nature one-sided, "the law demands close scrutiny of such affidavits [and evidence], particularly in those instances wherein the affiant is not a disinterested party." *In re Guild*, 204 F.2d 700, 703 (C.C.P.A. 1953) (citing *In re McKenna*, 203 F.2d 717 (C.C.P.A. 1953)); *see, e.g.*, *Jones Truck Lines, Inc. v. Supreme Beauty Prods.*,

---

6 As the Federal Circuit also noted, 677 F.3d at 1355, the Patent Act contains a specific joinder provision that was not at issue in *In re EMC Corp*. *See* 35 U.S.C. § 299 (West 2024). No plaintiff has briefed how, if at all, that statute affects the joinder analysis, and this court therefore implies no view on that question.

7

1994 WL 142940, at *6 (N.D. Ill. Apr. 15, 1994). As Judge Chang explained, the burden of conducting a meaningful review of so much material not only disserves the interest of judicial economy but also substantially prejudices the defendants. *See Estée Lauder I*, 334 F.R.D. at 187–88.

As plaintiffs here argue, denying joinder in these cases will affect the economics of Schedule A litigation, effectively increasing the cost of enforcing plaintiffs' important and presumptively valid intellectual property rights. For example, plaintiffs Bailie and Patterson tell the court that the cost of filing fees, bonds, and other litigation costs alone might represent a substantial portion of their annual revenues related to their intellectual property. *See* Letter from A. Bailie Letter 1 (Apr. 30, 2024), Bailie, ECF No. 29-2; Letter from K. Patterson 1, (May 3, 2024) ECF No. 24-1. Neither plaintiff goes so far as to assert that enforcement will become uneconomical, however. In view of the reality that Schedule A plaintiffs typically request thousands of dollars in statutory damages, the increased costs to plaintiffs do not, on this record, justify the serious prejudice to defendants that occurs when a meaningful *ex parte* review of hundreds or thousands of pages of screenshots and intellectual property specimens becomes effectively impossible. Nor do the increased costs to plaintiffs justify abandoning the Rule 20(a)(2) principle that similar conduct alone is insufficient to establish joinder of defendants." *Estée Lauder II*, No. 20-cv-845, order at 5; *see id*. at 5–6 (rejecting similar arguments). For all of these reasons, the court adopts the reasoning of Judges Lee and Chang and therefore finds, with the single exception of Dope ECommerce discussed below, *infra* at 9, that the defendants in these cases are not properly joined.

Although, after the court ordered her to brief joinder, plaintiff Patterson amended her complaint to drop all but 7 of the 201 defendants named in her original complaint, she has still

8

not shown that joinder is proper. In a supplemental memorandum of law, she argues that joinder is proper because the seven named defendants "are selling indistinguishable reproductions of Plaintiff's registered copyright on Amazon.com, using the exact same image." Patterson Joinder Mem. at 4, ECF No. 24 (citing *id.* Ex. 1). She adds that defendants use "similar," but not identical, product titles and descriptions to advertise the accused products. *Id.* at 3–4. The court has reviewed Patterson's screenshots of defendants' Amazon.com stores. Patterson Joinder Mem. Ex. 1, ECF No. 24-1. As Patterson represents, the product titles and descriptions differ. However, each defendant's store uses an identical product image. *See id.* at 2–3. As explained in *Bose Corp.*, "even if [defendants'] webpages were all identical," joinder is improper because use of identical web pages "would not overcome the likelihood that Defendants are just copycats, both of the [plaintiff's] style . . . and of each other." 334 F.R.D. at 514; *accord Roadget Business PTE*, 2024 WL 1858592, at *6–7. Accordingly, Patterson has not shown that joinder of the seven defendants named in her amended complaint comports with Rule 20(a)(2).

      In contrast, plaintiff Dope ECommerce has submitted evidence showing that it bought an allegedly infringing product from four defendants. Sealed Ex., Dope ECommerce, ECF No. 23. Each defendant is offering to sell a different allegedly infringing shirt for $22.99. Nonetheless, the email receipt Dope ECommerce received for each purchase came from the same "gmail.com" email address and shows that the same company was paid for each purchase. *See id.* at 7, 15, 22, 30. With inferences favorable to Dope ECommerce, this evidence shows plausibly that its claims against these four defendants stem from a series of transactions or occurrences, namely the same company posting and selling similar counterfeit products on four separate and facially unrelated websites. Accordingly, these four defendants are properly joined. All other defendants named in Dope ECommerce have not been properly joined.

      Consistent with the foregoing, plaintiffs in the above-captioned cases are ordered to amend their complaints to eliminate all improperly joined defendants within seven days. Dope ECommerce is authorized to join defendant nos. 19, 20, 28, and 33 in its amended complaint.

Dated: May 15, 2024                          /s/ Joan B. Gottschall
                                                 United States District Judge